United States District Court
District of Massachusetts

```
_____
                               )
UNITED STATES OF AMERICA,      )
                               )
        v.                     )
                               )   Criminal No.
ALBERTO LOPEZ,                 )   95-10064-NMG
                               )
        Defendant.             )
_____)
```

## MEMORANDUM & ORDER

**GORTON, J.**

In this case in which the defendant, Albert Lopez ("Lopez"), has been convicted of drug-related offenses, a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) is pending before the Court.

## I. Background

Lopez was convicted by a jury in this Court on August 14, 1995, of 1) conspiracy to possess heroin and cocaine base with intent to distribute, 2) possession of heroin with intent to distribute and distribution of heroin and 3) possession of cocaine base with intent to distribute and distribution. On October 3, 1995, this Court sentenced petitioner to a mandatory life term. That sentence was upheld by the First Circuit Court of Appeals on June 12, 1998. See United States v. Lopez, 147 F.3d 1 (1st Cir. 1998).

In March, 2008, the defendant filed a motion for a reduction of his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) based upon the retroactive application of Amendment 706 to the United States Sentencing Guidelines for crack cocaine offenses. The attorney appointed to represent him filed a memorandum attached to a joint status report filed in July, 2008, arguing that 1) it is unclear whether Lopez was sentenced to a life term pursuant to 21 U.S.C. § 841(b)(1)(A) and 2) even if he was, his sentence may be unlawful because the record does not clearly show that the government filed an information (i.e. a notice of prior convictions) with the Court as required under 21 U.S.C. § 851(a)(1).

The docket for this case reflects that on August 2, 1995, the government filed an information under § 851(a)(1) notifying Lopez and the Court that it would seek an enhanced penalty upon his conviction due to his three prior narcotics convictions (Docket No. 37). No such information exists, however, in the Court's file. The only evidence of such an information in the Court's file is a letter dated August 2, 1995, from Assistant United States Attorney ("AUSA") Michael D. Ricciuti to defense counsel Martin Gideonse, which was copied to the Clerk without enclosures but states that an information was filed with the Court on that day.

## II. <u>Legal Analysis</u>

### A. **Legal Standard**

Section 3582(c)(2) of Title 18 of the United States Code provides in relevant part that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment.

### B. **Application**

There are three possible factual scenarios under which Lopez was sentenced: 1) he was sentenced under 21 U.S.C. § 841(b)(1)(A) and the government properly filed the information required under 21 U.S.C. § 851(a)(1), 2) he was sentenced under 21 U.S.C. § 841(b)(1)(A) but the government failed to file the required information or 3) he was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1.  The transcript of the sentencing colloquy appears to indicate that Lopez was sentenced as described in the third scenario.  In any event, none of the three scenarios would entitle Lopez to the relief he requests.

With respect to the first scenario, Lopez concedes in the joint status report filed on July 30, 2008, that if he was lawfully sentenced under § 841(b)(1)(A), he is not eligible for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

Under the second scenario, if true, Lopez was sentenced pursuant to a statutory mandate, not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and is, therefore, ineligible to bring a motion pursuant to § 3582(c)(2). Although his sentence might be subject to collateral review under this scenario (absent the applicable statute of limitation), it is not subject to adjustment under § 3582(c)(2). Lopez offers no authority under which this Court could exercise jurisdiction to alter his sentence under this scenario.

Finally, under the third scenario, the First Circuit Court of Appeals has foreclosed the availability of any § 3582(c)(2) for Lopez, as Lopez acknowledges in the memorandum supporting his motion. See United States v. Caraballo, 552 F.3d 6, 9-12 (1st Cir. 2008) (holding that a defendant who has been sentenced as a career offender pursuant to U.S.S.G. § 4B1.1 fails to satisfy the threshold requirement of § 3582(c)(2) of having a sentence "based on a sentencing range that was subsequently lowered").

Lopez argues that the Caraballo decision is misguided and notes that the issue with respect to career offenders seeking reductions pursuant to § 3582(c)(2) has not yet been addressed by the Supreme Court. He claims that, in order to preserve that issue for further review, this Court needs to make a determination of whether it imposed Lopez's sentence based upon

-4-

21 U.S.C. § 841(b)(1)(A) or U.S.S.G. § 4B1.1, although he cites no law in support of that proposition. Such a determination is irrelevant to the Court's resolution of the pending motion and the Court, therefore, declines to address it.

## ORDER

In accordance with the foregoing, the defendant's motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) (Docket No. 94) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton<br>
Nathaniel M. Gorton<br>
United States District Judge

Dated September 15, 2009